## Walton, Appellant, *v.* Bryn Mawr Hotel Co.

*Negligence—Erection of buildings—Liability of owner for accidents.*

A person who is erecting a building or other structure, is not liable for accidents happening in the course of the erection if he exercises ordinary care in selecting competent persons to do the work.

A hotel company which has employed a skillful and competent architect and superintendent for the construction of its hotel, is not liable to a carpenter employed on the building for injuries caused by the falling in of a floor from a cause not made clear by the testimony.

Argued Jan. 31, 1894. Appeal, No. 151, July T., 1893, by plaintiff, Abel Walton, from judgment of C. P. Montgomery Co., Dec. T., 1891, No. 10, entering nonsuit in favor of defendant. Before GREEN, WILLIAMS, McCOLLUM, DEAN and FELL, JJ. Affirmed.

Trespass for personal injuries. Before WEAND, J.

4    WALTON, Appellant, *v.* BRYN MAWR HOTEL CO.

The facts appear by the opinion of the Supreme Court.

The court entered a compulsory nonsuit, and subsequently refused to take it off.

*Error assigned* was refusal to take off nonsuit.

*James B. Holland, John M. Dettra* with him, for appellant, cited: Bucklin v. Davidson, 155 Pa. 362; Mullan v. Mail Co., 78 Pa. 25; R. R. v. Bell, 112 Pa. 400; Patterson v. R. R., 76 Pa. 389; R. R. v. Decker, 82 Pa. 119; Ross v. Walker, 139 Pa. 42; Tissue v. R. R., 112 Pa. 91; Trainor v. R. R., 137 Pa. 148; R. R. v. Bresmer, 97 Pa. 103; Walbert v. Trexler, 156 Pa. 112; Ardesco Oil Co. v. Gilson, 63 Pa. 146; Coal Co. v. Jones, 86 Pa. 432; Frazier v. R. R., 38 Pa. 104; Lewis v. Seifert, 116 Pa. 628.

*Henry Freedley, J. Howard Gendell* and *Charles Hunsicker,* for appellee, not heard, cited: Reese v. Clark, 146 Pa. 465; Moules v. Canal Co., 141 Pa. 632; Watson v. Muirhead, 57 Pa. 161; Fawcett v. Bigley, 59 Pa. 411; R. R. v. Plank Road Co., 71 Pa. 350; Bigley v. Williams, 80 Pa. 107; Relief Assn. v. Post, 122 Pa. 579; Water Co. v. Stewartson, 96 Pa. 436; Fuel Supply Co. v. Boundy, 122 Pa. 449; Steamship Co. v. Landreth, 102 Pa. 131; Ford v. Anderson, 139 Pa. 261; Kehler v. Schwenk, 144 Pa. 348; Melchert v. Brewing Co., 140 Pa. 448; Augerstein v. Jones, 139 Pa. 183; Faber v. Mfg. Co., 126 Pa. 387; Mensch v. R. R., 150 Pa. 598; Hartman v. R. R., 144 Pa. 345; McAvoy v. Penna. Woolen Co., 140 Pa. 1, Kinney v. Corbin, 132 Pa. 341; Mfg. Co. v. McCormick, 118 Pa. 519; Crawford v. Stewart, 19 W. N. 48; Ross v. Walker, 139 Pa. 42; Painter v. Pittsburgh, 46 Pa. 213; Allen v. Willard, 57 Pa. 374; Reed v. Allegheny, 79 Pa. 300; Hunt v. R. R., 51 Pa. 475; Smith v. Simmons, 103 Pa. 32; Erie v. Caulkins, 85 Pa. 247; Improvement Co. v. Rhoads, 116 Pa. 377; Welsh v. Parrish Co., 148 Pa. 599; Sykes v. Packer, 99 Pa. 465; Ardesco Oil Co. v. Gilson, 63 Pa. 146; Wright v. R. R., 25 N. Y. 562; Albro v. Agawam Co., 6 Cush. 75; Mansfield etc. Co. v. McEnery, 91 Pa. 185; Walden v. Finch, 70 Pa. 460.

PER CURIAM, February 12, 1894:

The plaintiff, a carpenter, was injured while at work on the

defendant's hotel building during its construction by a fall from the fifth story. Some men were at work drawing up heavy joists which were piled up on the fifth story and a lintel crossing the corridor gave way at one end and let down the floor, and the plaintiff and two others fell and were injured. There was some evidence that the tiles or hollow bricks of which the partition walls were built, on which the lintels rested, were not as strong as they should be, but whether the lintel gave way on this account, or because of the extra weight of the joists, was entirely uncertain under the testimony. The defendant company employed architects of high standing in their profession, and a superintendent whose capacity and fitness were unquestioned, to erect the building. There was no proof which at all impugned the competency or ability of either the architects or the superintendent, to conduct this class of work. It was during the progress of the erection that the accident occurred. There was no definite proof that the accident occurred through any inherent weakness of the bricks. The case comes clearly within the principle settled in many cases, that one who is erecting a building or other structure, is not liable for accidents happening in the course of the erection if he exercises ordinary care in selecting competent persons to do the work. The subject was fully discussed in the opinion of this court in the case of Mansfield Coal etc. Co. v. McEnery, 91 Pa. 185, in which we held that a bridge company was not liable for the falling of their bridge while one who was crossing fell and lost his life. Other illustrations of the doctrine are found in Walden v. Finch, 70 Pa. 460; Ardesco Oil Co. v. Gilson, 63 Pa. 146; Sykes v. Packer, 99 Pa. 465; Moules v. Canal Co., 141 Pa. 632. The discussions have been so full in the cases cited, and in many others, that we think it unnecessary to indulge in any repetition here.

    Judgment affirmed.